## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| OYENOKACHIKEM CHARLES OSAMOR, | § | |
| (Reg. #97978-079) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-09-2538 |
| | § | |
| MR. LAPPIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND OPINION

Oyenokachikem Charles Osamor, an inmate of the Bureau of Prisons, sued in August 2009, alleging that prison officials failed to protect him and denied him adequate medical care. Osamor, proceeding *pro se* and *in forma pauperis*, sues Harley Lappin, the Director of the Bureau of Prisons ("BOP"); John Doe, the Warden of the Federal Detention Center in Houston ("FDC"); John Doe, the Warden of the Federal Correctional Institution in Beaumont; Dr. Anthony Cubb, Medical Director for the Federal Detention Center in Houston; Dr. Turner, Medical Director for the Federal Correctional Institution in Beaumont; and the United States of America. As explained below, Osamor's claims are barred. This case is dismissed by separate order.

### I.      Osamor's Allegations

Osamor was arrested on September 23, 2001 and detained at the FDC in Houston, Texas. To determine whether Osamor had injuries or medical conditions that made him unfit for placement in the general population, BOP officials temporarily placed him in a segregated holding cell. Osamor explains that the FDC uses such holding cells to punish prisoners or for temporary placement pending classification and assignment to a permanent cell. Osamor was moved into

general population within three weeks.

Osamor states that on September 25, 2001, he tested negative for tuberculosis. On September 18, 2002, he tested positive. He was transferred to FCI Beaumont. On September 22, 2003, Osamor tested positive for Hepatitis A. On November 3, 2003, he again tested positive for tuberculosis. Osamor states that he was informed of the positive tests at that time. Osamor alleges that he was infected with hepatitis in prison as a result of poor sanitation, inadequate food-handling procedures, and exposure to other infected inmates. Osamor alleges that the BOP knew that some inmates had hepatitis and posed a significant risk that they would infect other inmates. Osamor alleges that the BOP's hepatitis screening and control procedures were so inadequate that they constituted cruel and unusual punishment, in violation of the Eighth Amendment.

Osamor also asserts that prisons present generally a high risk for tuberculosis infection because inmates live in close quarters, breathe mechanically recirculated air, and receive little fresh air or sunlight. Osamor alleges that the BOP's screening and control measures for tuberculosis are inadequate. He alleges that the FDC houses immigration detainees for short periods, before they are transferred to immigration facilities. According to Osamor, the FDC places these immigration detainees in multiperson cells without an initial tuberculosis or hepatitis screening. Instead, the incoming detainees are placed in general population and only later screened for tuberculosis and hepatitis.

Osamor alleges that the BOP acted unreasonably in not developing adequate protocols for controlling and preventing tuberculosis and hepatitis. He seeks compensatory damages of $5,000,000.00 from each defendant and punitive damages of $1,000,000.00.

## II.    Discussion

Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. The statute mandates dismissal of a prisoner's IFP complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Dismissal of an action as frivolous is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In a *Bivens* case such as this one, as well as in a § 1983 case, the federal court applies the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although state law determines the length of the limitations period, federal law determines when a cause of action accrues so that the limitations period begins to run. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under federal law, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" that indicate that he has been injured and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists but must know the facts that would support a claim. *Piotrowski v. City of*

*Houston,* 51 F.3d 512, 516 (5th Cir. 1995).

The Texas limitations period for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2009).  Osamor claims that he tested positive for Hepatitis A on September 22, 2003 and for tuberculosis on November 3, 2003.  The limitations period began to run no later than November 3, 2003.  Osamor did not file this suit until 2009, almost four years after the limitations period expired. *See Starks v. Hollier*, 295 Fed.Appx. 664, 2008 WL 4488543, *1 (5th Cir. 2008)[1] (affirming the district court's holding that the plaintiff's claims accrued no later than September 23, 2002, the date when he was first informed that he had tested positive for tuberculosis and that his claims were barred by limitations.)

The statute of limitations bars Osamor from asserting his civil rights claims against the defendants. These claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

## III.    The Federal Tort Claims Act Claims

Osamor sued BOP officials and the United States for damages under the Federal Tort Claims Act ( FTCA).  These FTCA claims are also barred by limitations.  The FTCA states:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

The FTCA requires that a claimant file an administrative claim within two years after the

---

[1] A copy of the opinion in *Starks v. Hollier*, 295 Fed. Appx. 664, 2008 WL 4488543 (5th Cir. 2008), is attached to this order.

claim accrues and file suit after the claim has been administratively denied. *Houston v. United States Postal Serv.,* 823 F.2d 896, 902-04 (5th Cir. 1987); *Willis v. United States,* 719 F.2d 608 (2d Cir. 1983); *see Schuler v. United States,* 628 F.2d 199, 201 (D.C. Cir. 1980) ("Though the section is not happily drafted, common sense and the legislative history tell us that it requires the claimant to both file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim."). Osamor's FTCA claims accrued in 2003, when he learned that he had tested positive for tuberculosis and Hepatitis A. Osamor states that he did not file any administrative claim with the BOP within the deadline. Osamor's FTCA claim is barred by the statute of limitations.

Osamor's FTCA claims against the individual defendants and the United States are also precluded on other grounds. To sue under the FTCA, "a plaintiff must name the United States as the sole defendant." *McGuire,* 137 F.3d at 324, citing *Atorie Air, Inc.,* 942 F.2d at 957. BOP officials are not proper defendants in a suit under the FTCA. The FTCA claims against them are dismissed.

The FTCA waives the United States' immunity from tort suits. *McGuire v. Turnbo,* 137 F.3d 321, 324 (5th Cir. 1998), citing 28 U.S.C. § 2674. The limitations and conditions on which the United States consents to be sued must be construed strictly. *Atorie Air, Inc. v. Federal Aviation Administration,* 942 F.2d 954, 957 (5th Cir. 1991), citing *Lehman v. Nakshian,* 453 U.S. 156, 160 (1981). It is not enough to name the United States of America as a defendant in an FTCA case. The plaintiff must also exhaust administrative remedies before filing the suit. Osamor states that exhaustion is unnecessary. (Docket Entry No. 1, Complaint, p. 2). It is apparent from his complaint that Osamor did not exhaust his administrative remedies before filing this FTCA suit.

A court's subject-matter jurisdiction over an FTCA action against the United States is conditioned on compliance with 28 U.S.C. § 2675(a), which requires that the plaintiff either obtain a written denial of his claim or wait six months after its filing at the appropriate agency. *See* 28 U.S.C.A. § 2675(a) (West 1994).  An action filed before the six-month period expires "cannot become timely by the passage of time after the complaint is filed.  The requirement is jurisdictional and may not be waived." *Price v. United States,* 69 F.3d 46, 54 (5th Cir. 1995), citing *McNeil v. United States,* 508 U.S. 106, 111-12 (1993); *Gregory v. Mitchell,* 634 F.2d 199, 203-04 (5th Cir. 1981).

In *McNeil v. United States,* 508 U.S. 106 (1993), the Supreme Court held that failure to exhaust administrative remedies before filing an FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed.  Even if no substantial progress has taken place in the litigation before the administrative remedies are exhausted, the plaintiff must refile his lawsuit. *Id.*  In *McNeil,* the Court reached that conclusion notwithstanding the fact that the plaintiff was a prisoner proceeding *pro se* and that the dismissal of his complaint left him with no recourse because his six-month window of opportunity to file a new FTCA claim had already elapsed. *See id.*  After *McNeil,* the Fifth Circuit has reaffirmed that exhaustion of administrative remedies in an FTCA case is jurisdictional and nonwaiveable. *Price,* 69 F.3d at 54 (citing *Gregory v. Mitchell,* 634 F.2d 199, 203-04 (5th Cir. 1981)).

Although Osamor's motion to supplement his complaint, (Docket Entry No. 7), is granted, his FTCA claim is dismissed with prejudice because he failed to satisfy the jurisdictional precondition of timely exhausting administrative remedies.

**IV.   Conclusion**

The action filed by Oyenokachikem Charles Osamor (Reg. #97978-079) lacks an arguable basis in law and is dismissed with prejudice under 28 U.S.C. § 1915(e)(2).  Osamor's motion to supplement his complaint, (Docket Entry No. 7), is granted, and any remaining pending motions are denied as moot.

The BOP must deduct twenty percent of each deposit made to plaintiff's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     The Inmate Trust Fund at FCI Seagoville, Federal Correctional Institution, 2113 North Highway 175, Seagoville, Texas 75159; and

(2)     the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on June 11, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

**ATTACHMENT 1**

(Cite as: 295 Fed.Appx. 664, 2008 WL 4488543 (C.A.5 (Tex.)))
295 Fed.Appx. 664, 2008 WL 4488543 (C.A.5 (Tex.))


Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)



United States Court of Appeals,
Fifth Circuit.
Melvin STARKS, Plaintiff-Appellant
v.
Unidentified HOLLIER, Nurse; Unidentified Hashop, Nurse Practitioner; Earnest Chandler, Warden, Defendants-Appellees.


No. 07-41085
Summary Calendar.

Oct. 7, 2008.


Background: Federal prisoner brought Bivens claims against prison officials alleging he was exposed to tuberculosis due to defendants failure to follow Bureau of Prisons (BOP) policies. The United States District Court for the Eastern District of Texas dismissed the action. Prisoner appealed.



Holding: The Court of Appeals held that prisoner's claims were untimely.
Affirmed.



West Headnotes

KeyCite Citing References for this Headnote

241 Limitation of Actions

241II Computation of Period of Limitation
   241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
     241k95 Ignorance of Cause of Action
      241k95(4) Injuries to the Person
       241k95(5) k. Diseases; Drugs.

241 Limitation of Actions KeyCite Citing References for this Headnote
   241II Computation of Period of Limitation
    241II(G) Pendency of Legal Proceedings, Injunction, Stay, or War
      241k105 Pendency of Action or Other Proceeding
       241k105(1) k. In General.


Federal prisoner's Bivens claims against defendant prison officials for damages alleging he was exposed to tuberculosis due to defendants failure to follow Bureau of Prisons (BOP) policies were untimely under Texas's statute of limitations; prisoner's claims accrued no later than the date he was first informed he tested positive for tuberculosis, and while two-year limitations period was tolled while prisoner exhausted his administrative remedies following dismissal of his original complaint, prisoner's second complaint was still over four months late. V.T.C.A., Civil Practice & Remedies Code § 16.003(a); Civil Rights of Institutionalized Persons Act, § 7, 42 U.S.C.A. § 1997e.


*664

(Cite as: 295 Fed.Appx. 664, *664, 2008 WL 4488543 (C.A.5 (Tex.)))
Melvin Starks, Talladega, AL, pro se.

Appeal from the United States District Court for the Eastern District of Texas, USDC No. 1:06-CV-247.
Before REAVLEY, DAVIS, and ELROD, Circuit Judges.


PER CURIAM: FN*

FN* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.
**1

(Cite as: 295 Fed.Appx. 664, *664, 2008 WL 4488543, **1 (C.A.5 (Tex.)))
Melvin Starks, federal prisoner # 09691-002, appeals the dismissal of his suit filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) wherein he claimed damages for his alleged exposure to tuberculosis due to the defendants' failure to follow Bureau of Prisons policies. This court reviews the district court's dismissal of Starks's suit as time barred de novo. See Price v. City of San Antonio, Tex., 431 F.3d 890, 892 (5th Cir.2005).

\*665

(Cite as: 295 Fed.Appx. 664, \*665, 2008 WL 4488543, \*\*1 (C.A.5 (Tex.)))
A Bivens action is analogous to an action under 42 U.S.C. § 1983 except that § 1983 applies to constitutional violations by state, rather than federal, actors; this court does not distinguish between Bivens and § 1983 claims. Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir.2005). Analysis of a Bivens claim therefore "parallel[s] the analysis used to evaluate state prisoner's § 1983 claims." See Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir.1994) (citation omitted).

Because there is no federal statute of limitations for § 1983 and Bivens claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. Brown v. Nationsbank Corp., 188 F.3d 579, 590 (5th Cir.1999); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir.1993) (holding that federal court should also give effect to any applicable tolling provisions when applying forum state's statute of limitations). In Texas, the appropriate statute of limitations is two years. See Cooper v. Brookshire, 70 F.3d 377, 380 n. 20 (5th Cir.1995); Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (West 2005). The statute of limitations is tolled while a prisoner fulfills 42 U.S.C. § 1997e's administrative exhaustion requirement. See Wright v. Hollingsworth, 260 F.3d 357, 359 (5th Cir.2001).

Although the Texas limitations period applies, federal law governs when Starks's claim accrued. See Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir.1999). Under federal law, a claim generally accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured" and that there is a connection between his injury and the defendant's actions. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir.2001) (internal quotation marks and citation omitted). A plaintiff need not know that he has a legal cause of action; he need know only the facts that would ultimately support a claim. Id.

The district court held that Starks's claims accrued no later than September 23, 2002, the date when he was first informed that he had tested positive for tuberculosis. Starks filed his first Bivens complaint, which preceded the instant suit, on September 9, 2004. At that point only 14 days remained in the two-year limitations period. See Cooper, 70 F.3d at 380 n. 20. That complaint was dismissed without prejudice pursuant to § 1997e for failure to exhaust administrative remedies on November 1, 2004. The district court held that the applicable statute of limitations was tolled while Starks sought administrative relief from November 1, 2004, until his final administrative appeal was rejected on October 28, 2005. The district court concluded that, following applicable tolling allowances, Starks's deadline to file a complaint was November 11, 2005. Starks did not file the instant complaint until April 2006.

\*\*2

(Cite as: 295 Fed.Appx. 664, *665, 2008 WL 4488543, **2 (C.A.5 (Tex.)))

Starks contends that the district court erred in two respects. First, he argues that the district court should have tolled the filing deadline in light of a time extension made by the Administrative Remedy Coordinator of the Central Office (Coordinator) during the pendency of Starks's final administrative appeal. As evidence of the extension, Starks attaches correspondence from the Coordinator. This correspondence was not submitted to the district court and therefore should not be considered by this court. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n. 26 (5th Cir.1999). Moreover, the correspondence indicates only that the Coordinator extended the date for responding to Starks's August 14, 2005, administrative appeal until November 19, 2005. However, as the district court found, and as Starks himself concedes, the Coordinator *666

(Cite as: 295 Fed.Appx. 664, *666, 2008 WL 4488543, **2 (C.A.5 (Tex.)))

actually issued a response to Starks's appeal on October 28, 2005. That the Coordinator could have taken longer to issue the response has no relevant bearing upon the district court's time bar analysis.

Second, Starks contends that the district court erred in holding that the tolling period attributable to the administrative review process ended on October 28, 2005, because Starks did not receive the Coordinator's response until a later date. The record reflects, however, that Starks was aware no later than November 14, 2005 of the final exhaustion of his administrative remedies. Even assuming the limitations period applicable to Starks's claims was tolled until that date, his complaint filed in April 2006 was untimely."

AFFIRMED.

C.A.5 (Tex.),2008.
Starks v. Hollier
295 Fed.Appx. 664, 2008 WL 4488543 (C.A.5 (Tex.))

Briefs and Other Related Documents (Back to top)

• 07-41085 (Docket) (Nov. 2, 2007)
END OF DOCUMENT

(c) 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.
-->

Starks v. Hollier